1

2

3

4

5            UNITED STATES DISTRICT COURT

6            EASTERN DISTRICT OF WASHINGTON

7   DOLLY CARRIE RIVERA,

8                       Plaintiff,          NO:  2:13-CV-0163-TOR

9         v.                                ORDER GRANTING DEFENDANT'S
                                            MOTION FOR SUMMARY
10  CAROLYN W. COLVIN, Acting               JUDGMENT
    Commissioner of Social Security
11  Administration,

12                      Defendant.

13

14        BEFORE THE COURT are the parties' cross motions for summary

15  judgment (ECF Nos. 19, 20).  These matters were heard without oral argument on

16  June 17, 2014.  Plaintiff is represented by Joseph M. Lineham.  Defendant is

17  represented by Summer Stinson.  The Court has reviewed the administrative record

18  and the parties' completed briefing and is fully informed.  For the reasons

19  discussed below, the Court grants Defendant's motion and denies Plaintiff's

20  motion.


ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c); 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d). If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

1   generally as the claimant's ability to perform physical and mental work activities

2   on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1);

3   416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

4         At step four, the Commissioner considers whether, in view of the claimant's

5   RFC, the claimant is capable of performing work that he or she has performed in

6   the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv);

7   416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the

8   Commissioner must find that the claimant is not disabled.  20 C.F.R.

9   §§ 404.1520(f); 416.920(f).  If the claimant is incapable of performing such work,

10  the analysis proceeds to step five.

11        At step five, the Commissioner considers whether, in view of the claimant's

12  RFC, the claimant is capable of performing other work in the national economy.

13  20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination,

14  the Commissioner must also consider vocational factors such as the claimant's age,

15  education and work experience.  *Id.*  If the claimant is capable of adjusting to other

16  work, the Commissioner must find that the claimant is not disabled.  20 C.F.R.

17  §§ 404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to

18  other work, the analysis concludes with a finding that the claimant is disabled and

19  is therefore entitled to benefits.  *Id.*

20

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff filed applications for disability insurance benefits and supplemental social security income on April 14, 2010, alleging a disability onset date of December 1, 2007. Tr. 113-22; 123-30. Plaintiff's claims were denied initially and on reconsideration. Tr. 64-66; 67-70. Plaintiff requested an administrative review hearing, which was conducted on July 18, 2011. Tr. 9-10; 95-112. On January 20, 2012, the administrative law judge ("ALJ") issued a decision finding that Plaintiff was not disabled under the Social Security Act. Tr. 11-25.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 1, 2007, the alleged onset date. Tr. 16. At step two, the ALJ found Plaintiff had severe impairments, Tr. 16-17, but at step three, the ALJ found Plaintiff's impairments did not meet or medically equal a listed impairment.

Tr. 17-18.  The ALJ then determined that Plaintiff had the residual functional

capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and
> 416.967(c) except she must avoid even moderate exposure to
> pulmonary irritants such as fumes, odors, dusts, gases or poor
> ventilation; concentrated exposure to hazards such as unprotected
> heights and moving machinery; any commercial driving or work
> requiring constant, fine visual acuity; or, more than superficial contact
> with supervisors, co-workers, or the general public.

Tr. 18.  At step four, the ALJ found Plaintiff was unable to perform any past

relevant work.  Tr. 23.  At step five, after considering the Plaintiff's age, education,

work experience, and residual functional capacity, the ALJ found Plaintiff could

perform other work existing in significant numbers in the national economy, such

as fish cleaner, store laborer, and hand packager.  Tr. 24.  Thus, the ALJ concluded

that Plaintiff was not disabled and denied her claims.  Tr. 24-25.

On February 8, 2012, Plaintiff requested review of the ALJ's decision by the

Appeals Council.  Tr. 9-10.  The Appeals Council denied Plaintiff's request for

review on March 5, 2013, Tr. 1-6, making the ALJ's decision the Commissioner's

final decision of the agency for purposes of judicial review.  42 U.S.C. §§ 405(g),

1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying

her disability insurance benefits under Title II of the Social Security Act and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

1    supplemental security income under Title XVI of the Social Security Act.  Plaintiff

2    generally asserts that the ALJ's conclusions were not supported by substantial

3    evidence and that Plaintiff "is more limited from a physical and psychological

4    standpoint" than the ALJ determined.  ECF Nos. 19, 21.  In support of this

5    contention, Plaintiff has raised the following issues for review: (1) whether the

6    ALJ properly evaluated the medical opinions of Dr. John Arnold and Dr. Michael

7    Kraemer; and (2) whether Dr. Thompson's evaluation, submitted for the first time

8    to the Appeals Council, provides support for reversal of the ALJ's decision.  ECF

9    No. 19 at 10-13.

10                                  **DISCUSSION**

11        **A. Medical Opinions of Dr. Arnold and Dr. Kraemer**

12            There are three types of physicians: "(1) those who treat the claimant

13    (treating physicians); (2) those who examine but do not treat the claimant

14    (examining physicians); and (3) those who neither examine nor treat the claimant

15    [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

16    *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted).

17    Generally, a treating physician's opinion carries more weight than an examining

18    physician's, and an examining physician's opinion carries more weight than a

19    reviewing physician's.  *Id.*  In addition, the regulations give more weight to

20    opinions that are explained than to those that are not, and to the opinions of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

specialists concerning matters relating to their specialty over that of nonspecialists. *Id.* (citations omitted).  A physician's opinion may be entitled to little if any weight, when it is an opinion on a matter not related to her or his area of specialization.  *Id.* at 1203, n.2 (citation omitted).

A treating physician's opinions are entitled to substantial weight in social security proceedings.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir.2009).  If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings."  *Bray*, 554 F.3d at 1228 (quotation and citation omitted).  "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."  *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).  An ALJ may also reject a treating physician's opinion which is "based to a large extent on a claimant's self-reports that have been properly discounted as incredible."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (internal quotation and citation omitted).

### 1. Dr. John Arnold.

1    Plaintiff's first contention is that she is much more limited from a

2  psychological standpoint than what was determined by the ALJ.  ECF No. 19 at 10.

3  In support, Plaintiff argues that the ALJ erred by failing to properly reject the

4  opinion of examining psychologist, Dr. John Arnold, concerning the extent of her

5  work-related psychological limitations.  *Id.* at 10-11.  Plaintiff points to Dr.

6  Arnold's December 16, 2010 evaluation in which he opined that Plaintiff suffers

7  from an undifferentiated somatoform disorder, and issued a suspected diagnosis of

8  borderline intellectual functioning, which would lead to moderate cognitive and

9  behavioral limitations.  *Id.* at 10; Tr. 405-06.

10    This Court finds that the ALJ properly considered, and rejected in part, the

11  medical opinion of Dr. Arnold, an examining psychologist, when determining

12  Plaintiff's psychological limitations.  In considering Dr. Arnold's opinion, the ALJ

13  assigned "significant weight" to Dr. Arnold's opinion when determining the extent

14  of Plaintiff's impairments and RFC, specifically considering his assessment of

15  Plaintiff's somatoform disorder and his opinion that Plaintiff would experience

16  moderate limitations in social functioning.  Tr. 17-18, 22.

17    In partially rejecting Dr. Arnold's opinion, the ALJ did not err.  Because the

18  opinion of Dr. Arnold was uncontradicted, the ALJ may reject only by offering

19  "clear and convincing reasons that are supported by substantial evidence."  *Bayliss*,

20

427 F.3d at 1216.  With regard to Dr. Arnold's suspected borderline intellectual

functioning diagnosis, the ALJ noted the following:

> Dr. Arnold diagnosed rule out borderline intellectual functioning,
> reporting the claimant was an 8th grade dropout without a GED
> (Exhibit 11F). However, the record shows the claimant attained her
> GED and that she has a history of successful skilled work. Dr. Arnold
> concluded that, due to borderline intellectual functioning, the claimant
> would experience moderate limitations in her ability to understand,
> remember, and persist in tasks with complex instructions of three or
> more steps; and, due to preoccupation with medical conditions, she
> would be moderately limited in her ability to maintain appropriate
> behavior in a work setting.

Tr. 21.  The ALJ properly rejected this diagnosis based on the following clear and

convincing reasons.  First, the ALJ noted that the diagnosis was made upon

incorrect information Plaintiff gave to Dr. Arnold regarding her education.  Tr. 21.

Although Dr. Arnold's evaluation report noted, based on Plaintiff's self-reporting

(Tr. 404), that Plaintiff dropped out of 8th grade and never attained her GED, the

record shows Plaintiff received her GED in 1984 and held several successful

positions in the years leading up to her alleged inability to work.  Tr. 157-58.

Because the ALJ need not accept a medical opinion based on a claimant's non-

credible self-reporting, *Tomasetti*, 533 F.3d at 1041, the ALJ properly rejected this

diagnosis.

Second, the ALJ's characterization of the diagnosis as "rule-out" provides

further support for her rejection of this diagnosis.  Tr. 21; *see Springer v. Colvin,* –

1   F.Supp.2d –, 2014 WL 3109865, 5 (E.D.Wash, 2014) (a "rule out diagnosis" is a

2   hypothesis rather than a conclusion) (citation omitted).  As noted in Dr. Arnold's

3   evaluation, Plaintiff's borderline intellectual functioning was merely suspected.

4   Tr. 406.  Because the ALJ need not accept a medical opinion that is "inadequately

5   supported by clinical findings," *Bray*, 554 F.3d at 1228, the ALJ provided another

6   clear and convincing reason for rejecting this portion of Dr. Arnold's opinion.

7       Even if the ALJ erred in not recognizing Plaintiff's suspected borderline

8   intellectual functioning diagnosis as a severe impairment, Plaintiff fails to explain

9   how this classification would have changed the ALJ's ultimate determination.

10  This Court will decline to reverse an ALJ's decision on account of harmless error,

11  which is defined as an error that is "inconsequential to the [ALJ's] ultimate

12  nondisability determination."  *Molina*, 674 F.3d at 1111, 1115.  The ALJ concurred

13  with Dr. Arnold that, based on the evidence in the record, Plaintiff had moderate

14  difficulties with social functioning.  Tr. 18.  In recognition of this limitation, the

15  ALJ included in the RFC finding the limitation that Plaintiff "avoid . . . more than

16  superficial contact with supervisors, co-workers, or the general public."  Tr. 18.

17  Therefore, Plaintiff has failed to explain how this diagnosis, if classified as severe

18  by the ALJ, would have changed the ultimate findings.

19      Further, Dr. Arnold estimated that Plaintiff's length of impairment would be

20  six to nine months with treatment, which is less than the minimum twelve month

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

1    duration period mandated by the Act.  Tr. 407.  Thus, even if Dr. Arnold's

2    evaluation demonstrates Plaintiff is more severely limited than the ALJ

3    determined, Plaintiff's suspected borderline intellectual functioning diagnosis

4    would not rise to a disability under the Act.

5        In reaching her conclusion as to the severity of Plaintiff's impairments and

6    RFC assessment, the ALJ carefully considered Dr. Arnold's evaluation of Plaintiff,

7    affording his opinion "significant weight."  This Court finds the ALJ provided

8    clear and convincing reasons based on substantial evidence for partially rejecting

9    Dr. Arnold's opinion.

10                    **2.  Dr. Kraemer**

11       Next, in support of the contention that she is much more limited from a

12    physical standpoint, Plaintiff argues the ALJ erred by failing to give the opinion of

13    examining physician, Dr. Michael Kraemer, greater weight.  ECF No. 19 at 12-13.

14    Plaintiff points to Dr. Kraemer's April 22, 2010 evaluation in which he opined that

15    Plaintiff's sensitivity to smells and anxiety about her allergies was a permanent

16    condition and that, at most, she was only capable of doing part-time work.  *Id.* at

17    12.  According to Plaintiff, Dr. Kraemer's opinion should be given controlling

18    weight because he is a specialist and treating physician.  *Id.*

19       This Court finds that the ALJ properly weighed and rejected the medical

20    opinion of Dr. Kraemer when determining the severity of Plaintiff's physical

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

limitations and their effect on Plaintiff's residual functional capacity.  Because Dr.

Kraemer's opinion was contradicted, *see* Tr. 21-22 (noting that although Dr.

Kraemer opined Plaintiff could work no more than ten hours per week, Dr. Saue,

another examining physician, did not state that Plaintiff would be unable to work

or that she would be limited to part-time work), the ALJ need only have given

specific and legitimate reasoning supported by substantial evidence to reject it.

*Bayliss*, 427 F.3d at 1216.

       The ALJ provided specific and legitimate reasoning supported by substantial

evidence for assigning only "some weight" to Dr. Kraemer's opinion.  The ALJ

noted that Dr. Kraemer primarily based his opinion limiting the claimant to part-

time work on Plaintiff's "extreme subjective complaints."  Tr. 22; *see* Tr. 256-58.

This reasoning is particularly significant in view of the ALJ's earlier finding that

Plaintiff's statements concerning her symptoms and limitations were not fully

supported by the objective medical evidence—a finding which Plaintiff has not

challenged in these proceedings.  *See generally* ECF Nos. 19, 21; *see* Tr. 19-22

(finding both Plaintiff's reported daily activities and the objective medical

evidence inconsistent with Plaintiff's alleged limitations).  The fact that Dr.

Kraemer primarily relied on Plaintiff's subjective, non-credible complaints in

formulating his opinion is therefore a valid basis for affording it little weight.

*Tommasetti*, 533 F.3d at 1041 ("An ALJ may reject a treating physician's opinion

1  if it is based 'to a large extent' on a claimant's self-reports that have been properly

2  discounted as incredible.") (citations omitted).

3      **B. New and Material Evidence**

4          The Appeals Council will review an ALJ's decision when "the action,

5  findings or conclusions of the administrative law judge are not supported by

6  substantial evidence."  20 C.F.R. §§ 404.970(a), 416.1470(b).  When determining

7  whether review is appropriate, the Appeals Council is required to consider "new

8  and material evidence . . . only where it relates to the period on or before the date

9  of the administrative law judge hearing decision."  20 C.F.R. §§ 404.970(b), 416.

10  1470(b).  The Appeals Council "will then review the case if it finds that the

11  administrative law judge's action, findings or conclusion is contrary to the weight

12  of the evidence currently of record."  20 C.F.R. §§ 404.970(b), 416. 1470(b).

13          "[Federal courts] do not have jurisdiction to review a decision of the

14  Appeals Council denying a request for review of an ALJ's decision, because the

15  Appeals Council decision is a non-final agency action."  *Brewes v. Comm'r of Soc.*

16  *Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Instead, when the Appeals

17  Council declines review, "'the ALJ's decision becomes the final decision of the

18  Commissioner.'"  *Id.* (citing *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228,

19  1231 (9th Cir. 2011)).  "[W]hen a claimant submits evidence for the first time to

20  the Appeals Council, which considers that evidence in denying review of the ALJ's

1   decision, the new evidence is part of the administrative record, which the district

2   court must consider in determining whether the Commissioner's decision is

3   supported by substantial evidence." *Brewes*, 682 F.3d at 1159-60; *see also*

4   *Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993).

5        In further support of her contention that she is much more limited from a

6   psychological standpoint than determined by the ALJ, Plaintiff cites to the opinion

7   of Dr. Renée Thompson.  ECF No. 19 at 11-12.  Plaintiff argues Dr. Thompson's

8   evaluation, which was issued after the ALJ hearing but before the ALJ's decision,

9   provides a basis for reversing the ALJ's decision.  *Id.* at 12.  Specifically, Plaintiff

10  points to Dr. Thompson's diagnoses concerning depression, anxiety, "rule-out"

11  panic disorder, reduced GAF score, and difficulty concentrating and interacting in

12  a work setting.  *Id.* at 11.

13       This Court finds the ALJ's ultimate determination, even in light of the new

14  evidence presented by Dr. Thompson's evaluation, is supported by substantial

15  evidence.  Here, the Appeals Council considered the evaluation of Dr. Thompson,

16  in addition to other evidence presented by Plaintiff after the ALJ hearing, and

17  found the new evidence failed to serve as a basis for reversing the ALJ's decision.

18  Tr. 2.  This Court agrees.

19       The ALJ, in making her ultimate nondisability finding, carefully considered

20  the objective medical evidence, medical opinions, and Plaintiff's subjective

1 contentions when determining the degree of Plaintiff's mental limitations.

2 Notably, Plaintiff's Function Report, completed by Plaintiff when she applied for

3 benefits, demonstrated only mild limitations with concentration and moderate

4 limitations with social functioning.  Tr. 140-50.  The ALJ considered this report in

5 conjunction with the objective medical and opinion evidence and ultimately

6 concluded the RFC assessment and nondisability finding were appropriate in light

7 of the comprehensive medical evaluations, "as well as the otherwise general lack

8 of objective medical evidence supporting the level of symptom severity and

9 associated limitations contended by the claimant."  Tr. 22.  Thus, although Plaintiff

10 claimed greater limitations, the evidence in the record adequately supported the

11 ALJ's RFC assessment.

12      Further, Dr. Thompson estimated that Plaintiff's length of impairment would

13 be six months with treatment, which is less than the minimum twelve month

14 duration period mandated by the Act.  42 U.S.C. § 1382c(a)(3)(A); Tr. 449. Thus,

15 even if Dr. Thompson's evaluation demonstrates Plaintiff is more severely limited

16 than the ALJ determined, Plaintiff's mental impairments, as diagnosed by Dr.

17 Thompson, would not rise to a disability under the Act.

18      Therefore, because the ALJ's nondisability determination is supported by

19 substantial evidence even with this new evidence, this Court finds no reason to

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

disturb the ALJ's decision.  Accordingly, Defendant is entitled to summary

judgment.

**IT IS HEREBY ORDERED:**

    1.  Plaintiff's Motion for Summary Judgment (ECF No. 19) is **DENIED.**

    2.  Defendant's Motion for Summary Judgment (ECF No. 20) is

       **GRANTED**.

    The District Court Executive is hereby directed to file this Order, enter

**JUDGMENT** for **DEFENDANT**, provide copies to counsel, and **CLOSE** this file.

    **DATED** September 12, 2014.

THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18